MOSES & SINGER LLP
MICHAEL EVAN AVIDON #N.Y.S. Reg. No. 1722602
mavidon@mosessinger.com
MARK N. PARRY #N.Y.S. Reg. No. 1862465
mparry@mosessinger.com
ROBERT MCFARLANE #N.Y.S. Reg. No. 5140603
rmcfarlane@mosessinger.com
405 Lexington Avenue, 12th Floor
New York, NY 10174-1299
Telephone: 212-554-7825
Facsimile: 212-554-7700
*Pro Hac Vice*

PARKER IBRAHIM & BERG LLP
JOHN M. SORICH #125223
John.Sorich@piblaw.com
HEATHER E. STERN #217447
Heather.Stern@piblaw.com
MATTHEW HENDERSON #274252
Matthew.Henderson@piblaw.com
695 Town Center Drive, 16th Floor
Costa Mesa, CA 92626
Telephone: 714.361.9550
Facsimile: 714.784.4190

Attorneys for defendant JPMORGAN CHASE BANK, N.A.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZIONS BANCORPORATION, N.A. dba CALIFORNIA BANK & TRUST, a National Association,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., a Delaware corporation,<br><br>Defendant. | CASE NO.: 3:20-cv-2048-AJB-JLB<br><br>JUDGE: Hon. Anthony J. Battaglia<br><br>**REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM** |

DATE: February 25, 2021
TIME: 2:00 p.m.
DEPT.: 4A (4th Flr)

Defendant JPMorgan Chase Bank, N.A. ("JPMC") respectfully submits this Reply Memorandum in further support of its motion to dismiss for lack of personal jurisdiction or, in the alternative, failure to state a claim for relief (the "Motion").

## I. THE COURT LACKS PERSONAL JURISDICTION

Plaintiff's Complaint alleged this Court has jurisdiction over JPMC because JPMC has "offices" and "does business" in San Diego. Complaint ¶ 14. As the Motion established, well-settled authority rejects this basis for jurisdiction here. In its Opposition, Plaintiff does not even attempt to defend this meritless contention any longer.

Instead, Plaintiff now argues that jurisdiction exists due to a series of communications that were never pleaded in the Complaint. These newly asserted communications do not establish a basis for personal jurisdiction in this banking dispute arising out of a letter of credit confirmed by JPMC's New York office, with presentment in Florida.

But rather than explain its failure to allege this basis for jurisdiction in its Complaint or respond to the numerous cases cited by JPMC showing that these types of communications do not support jurisdiction here, Plaintiff instead chooses to lob the baseless accusation that JPMC is not being candid with the Court. This is regrettable and wrong. As shown in the Motion, as a matter of law, communications in or with the forum state do not establish a basis for personal jurisdiction over a confirming bank in a letter of credit dispute. *See* Motion at 11:1-24 (citing *RZS Holdings, AVV v. Commerzbank*, 279 F. Supp. 2d 716, 722 (E.D. Va. 2003); *Village Lane Rentals, LLC v. Capital Fin. Group*, 159 F. Supp. 2d 910, 915 (W.D. Va. 2001); *Am. Express Travel Related Servs. Co. v. Sevier County Bank*, Case No. 2:10-CV-841 TS, 2011 U.S. Dist. LEXIS 16536 at *12; *First Metro Bank v. Cent. Bank*, 904 F.

Supp. 2d 1215, 1224 (N.D. Ala. 2012); and *Peterson v. Kennedy*, 771 F.2d 1244 (9th Cir. 1985)).

Despite the effort Plaintiff undertakes to describe the communications, this is the applicable law, and Plaintiff does not dispute otherwise. Plaintiff does not respond to, distinguish, or remotely discuss even a single one of the cases cited in the Motion. And as those cases recognize, this law makes sense in the area of international banking and trade. *Id*. Otherwise, if communications alone established a basis for jurisdiction, then a beneficiary (or its assignee) could always hale a confirming bank into court in its own home state far away from, and irrespective of, the agreed-upon place of issuance and presentment. *Id*. For these reasons, the proffered evidence lacks relevance and should be disregarded. Fed. Rule Evid. 402.

In any event, Plaintiff mischaracterizes the SWIFT messages as showing some kind of agreement or "undertaking" by JPMC directly to Plaintiff and, therefore, supposedly showing purposeful availment. As the SWIFT messages show, the beneficiary on the JPMC confirmation was always FirmGreen – not Plaintiff. There was never any transfer of the JPMC confirmation to Plaintiff; indeed, a JPMC confirmation may not be transferred to another beneficiary unless it explicitly provides it is transferable (which is not the case here). *See* Motion at 18:25-20:1. Throughout, Plaintiff equivocates between its role as FirmGreen's banker – a role in which it transmitted SWIFT messages to or from its customer, FirmGreen, for FirmGreen's account (and not for Plaintiff's own account) – and its much-later role as a sophisticated bank that decided to take an assignment of proceeds from FirmGreen via a Discount Agreement to which JPMC was not a party, knowing the confirmation was issued in New York with presentment in Florida.

Plaintiff's equivocation does not establish purposeful availment by JPMC of this forum. No personal jurisdiction exists, and the Court should dismiss this action.

## II. DISMISSAL IS WARRANTED FOR FAILURE TO STATE A CLAIM

Plaintiff chooses to take a similar approach in responding to JPMC's arguments

for dismissal for failure to state a claim, contending that the arguments "are nothing more than bad faith gamesmanship." This is baseless and unnecessary hyperbole, and once again is wrong. Revised Article 5 of the New York UCC ("NYUCC") applies to Plaintiff's claims and those claims fail for two separate reasons: (1) they are barred by the one-year statute of limitations under N.Y. UCC § 5-115 for wrongful dishonor; and (2) Plaintiff lacks standing to sue for wrongful dishonor under N.Y. UCC § 5-111.

As shown below, Plaintiff's arguments to the contrary fail for a simple reason: Plaintiff and its counsel have apparently failed to realize that the authority they cite to this Court is no longer valid and has been superseded. Moreover, Plaintiff's argument that JPMC is equitably estopped from asserting these defenses fails as a matter of New York common law and public policy. The Complaint must be dismissed.

### A.   NYUCC Article 5 Applies To Plaintiff's Claims

Plaintiff argues that UCP 600 displaces NYUCC Article 5. This is simply wrong. Plaintiff misreads the applicable statute and cites authority decided under the outdated version of NYUCC Article 5. Since the adoption of Revised Article 5 in New York in 2000, practice rules such as UCP 600 displace NYUCC Article 5 only in case of a conflict between the two (with the exception of certain non-variable provisions of NYUCC Article 5 that cannot be varied). "[W]here there is no conflict between Article 5 and the relevant provision of the UCP or other practice, both apply." UCC § 5-116, Official Comment 3.

Pursuant to N.Y. UCC § 5-116(a), "the liability of an issuer, nominated person, or adviser for action or omission is governed by the law of the jurisdiction chosen by an agreement in the form of a record signed or otherwise authenticated by the affected parties in the manner provided in section 5-104 or by a provision in the person's letter of credit, confirmation, or other undertaking." Here, because the JPMC confirmation contains a New York choice of law provision, New York's substantive law applies (*i.e.*, NYUCC Article 5).

In addition, pursuant to N.Y. UCC § 5-116(c), "except as otherwise provided in

this subsection, the liability of an issuer, nominated person, or adviser is governed by any rules of custom or practice, such as the uniform customs and practice for documentary credits, to which the letter of credit, confirmation, or other undertaking is expressly made subject." Because the JPMC confirmation provides that "UCP Latest Version" applies, UCP 600 will also apply. Contrary to Plaintiff's argument, however, nothing in NYUCC Article 5 suggests that the applicable practice rules supplant NYUCC Article 5, except in the event of a conflict between them. Indeed, Official Comment 3 to UCC § 5-116 makes clear that the opposite is true. UCC § 5-116, Official Comment 3.

The authority relied upon by Plaintiff for the premise that UCP 600 displaces UCC Article 5, *Kools v. Citibank, N.A.*, 872 F. Supp. 67, 71 (S.D.N.Y. 1995), was decided under New York's prior version of UCC Article 5. Under New York's prior, non-uniform version of UCC § 5-102(4), applicable practice rules, "when incorporated in a contract, displace Article 5 of the Uniform Commercial Code." *Kools*, 872 F. Supp. at 71.[1] That subsection was eliminated in 2000 when Revised UCC § 5-116 was enacted in New York.

Official Comment 3 to UCC § 5-116 ("Choice of Law and Forum") is explicit that incorporation of the UCP does not displace Article 5. It states:

> This section does not permit what is now authorized by the nonuniform [pre-Revised] Section 5-102(4) in New York. Under the current [pre-Revised] law in New York a letter of credit that incorporates the UCP is not governed in any respect by Article 5. Under revised Section 5-116 letters of credit that incorporate the UCP or similar practice will still be subject to Article 5 in certain respects. First, incorporation of the UCP or other practice does not override the nonvariable terms of Article 5. Second,

---

[1] Plaintiff also cites *ACR Sys., Inc. v. Woori Bank*, 232 F. Supp. 3d 471, 477 (S.D.N.Y. 2017), for the premise that practice rules override UCC Art. 5. *ACR* did not involve a dispute between UCC Article 5 and the practice rules. The letter of credit in *ACR* had no choice of law provision and the issuer was in South Korea. The Court found that the letter of credit was governed by South Korea law and UCP 600, holding that "[the issuer's] liability is determined by South Korea law under this subsection [i.e., 5-116(b)]" and "the UCP and URR govern [the issuer's] liability and are supplemented, to the extent necessary, by the substantive law of South Korea." *Id.* at 477.

where there is no conflict between Article 5 and the relevant provision of the UCP or other practice, both apply. Third, practice provisions incorporated in a letter of credit will not be effective if they fail to comply with Section 5-103(c).

Similarly, the Official Comment to UCC § 5-103 acknowledges that UCC Article 5 applies and that selecting UCP avoids only "conflicting" Article 5 rules. It states:

> Where the UCP are adopted but conflict with Article 5 and except where variation is prohibited, the UCP terms are permissible contractual modifications under Sections 1-102(3) and 5-103(c). See Section 5-116(c). Normally Article 5 should not be considered to conflict with practice except when a rule explicitly stated in the UCP or other practice is different from a rule explicitly stated in Article 5.
>
> Except by choosing the law of a jurisdiction that has not adopted the Uniform Commercial Code, it is not possible entirely to escape the Uniform Commercial Code. Since incorporation of the UCP avoids only "conflicting" Article 5 rules, parties who do not wish to be governed by the nonconflicting provisions of Article 5 must normally either adopt the law of a jurisdiction other than a State of the United States or state explicitly the rule that is to govern.

UCC § 5-103, Official Comment. Here, both NYUCC Article 5 and UCP 600 apply to the JPMC confirmation. However, there is no conflict between NYUCC Article 5 and UCP 600 with respect to either standing or the statute of limitations. UCP 600 contains no applicable statute of limitations and UCP 600 does not confer standing upon an assignee of letter of credit proceeds. Moreover, UCP 600 Article 39 expressly defers to applicable law as to the rights, if any, of a beneficiary to assign the proceeds of a letter of credit. Accordingly, NYUCC Article 5 governs with respect to both standing and the statute of limitations.

### B.   Plaintiff's Claim Is For Wrongful Dishonor

Plaintiff avers that "whether CB&T's claim is fashioned as a breach of contract or a wrongful dishonor is immaterial [and] the claims are essentially the same." Opp.

at 18.  Notwithstanding any similarities between the two causes of action, there is no actual contract between the issuer (or confirmer) and the beneficiary.  Thus, the proper cause of action under NYUCC Article 5 is for wrongful dishonor.  UCP 600 does not provide otherwise.  Like NYUCC Article 5, UCP 600 does not provide a cause action for breach of contract and expressly distinguishes between letter of credit undertakings and contracts.  UCP 600, Article 4 ("Credits v. Contracts").

Plaintiff cites *Bath Iron Works Corp. v. WestLB*, No. 02 CIV. 2272 RCC, 2004 WL 2181091 (S.D.N.Y. Sept. 27, 2004), for the proposition that the two causes of action are interchangeable.  However, that case clearly holds that "although some courts use 'breach of contract' and 'wrongful dishonor' interchangeably, there are a number of significant substantive differences between them," and "only the wrongful dishonor claim survives because it is the appropriate action for a letter of credit dispute under New York law."  *Id*. at *1.  Plaintiff cites no authority to the contrary.

Plaintiff cannot simply choose between a claim for "breach of contract" and one for "wrongful dishonor" to try to overcome its failure to timely file.  The appropriate cause of action under New York law is for wrongful dishonor under N.Y. UCC § 5-111.

C.     **Plaintiff's Claims Are Barred By The Statute Of Limitations**

Plaintiff does not dispute either that the statute of limitations on a claim for wrongful dishonor is one year or that the alleged wrongful dishonor occurred over one year prior to filing suit.  Plaintiff also does not dispute that the statute of limitations for declaratory relief is the same as with respect to the underlying claim.  Rather, Plaintiff claims that New York's six-year breach of contract statute of limitations applies instead.  Opp. at 20.  The correct claim is wrongful dishonor and, therefore, the one-year statute of limitations under N.Y. UCC § 5-115 applies.

Moreover, to the extent Plaintiff argues that claims for breach of contract and wrongful dishonor are interchangeable, that cannot be the case because the two causes of action have two different statutes of limitations.  Indeed, Plaintiff's interpretation

6
REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS

would render N.Y. UCC § 5-115 meaningless. *See Yerdon v. Henry*, 91 F.3d 370, 376 (2d Cir. 1996) (statute must be interpreted to avoid futile results). Plaintiff's reliance on *ACR* is misplaced. In *ACR*, there was no choice of law provision in the letter of credit and the issuer was in South Korea. *ACR*, 232 F. Supp. 3d at 477. UCP 600, as supplemented by South Korean law, applied. *Id*. UCP 600 does not conflict with UCC Article 5 in this regard. UCP 600 contains no statute of limitations for wrongful dishonor claims, nor does it provide a cause of action for breach of contract. Here, because both UCP 600 and NYUCC Article 5 apply to the JPMC confirmation, N.Y. UCC § 5-115's one-year statute of limitations for wrongful dishonor applies.

### D. Plaintiff Lacks Standing to Sue

Plaintiff does not dispute that it is not "the beneficiary, successor or nominated person." Rather, Plaintiff concedes that it is a mere assignee of the proceeds of the JPMC confirmation. Opp. at 1, 21. However, Plaintiff argues, first, that N.Y. UCC § 5-111(a) does not apply, and second, even if it did, that an assignee of letter of credit proceeds has standing to sue. Both are contrary to letter of credit law and policy.

First, because the instant cause of action is properly one for wrongful dishonor, N.Y. UCC § 5-111 applies. Second, Plaintiff's argument that an assignee has standing to sue for wrongful dishonor is contrary to New York law. Under New York law, upon an assignment of proceeds, the beneficiary maintains all other rights and obligations under the credit, including the right to sue for wrongful dishonor. *See Algemene Bank, N.V. v. Soysen Tarim Urunleri Dis Ticaret Ve Sanayi, A.S.*, 748 F. Supp. 177, 181–82 (S.D.N.Y. 1990) ("an assignment of proceeds, by contrast [to transfer], changes only the party entitled to receive payment of the proceeds").

Plaintiff's reliance on *Optopics Labs. Corp v. Savannah Bank of Nigeria, Ltd.*, 816 F. Supp. 898, 905 (S.D.N.Y. 1993), is misplaced. In *Optopics*, the Court held that under New York law, the beneficiary properly assigned the proceeds of the letter of credit to the assignee and, therefore, the assignee had standing to sue for wrongful dishonor. *Id*. However, *Optopics* was decided in 1993 under the prior version of

UCC Article 5. The prior version of UCC Article 5 did not contain a provision analogous to N.Y. UCC § 5-111, which confers standing to sue for wrongful dishonor upon only three delineated types of parties, and Plaintiff concedes it is none of those three types. Moreover, the prior version of UCC Article 5 did not contain a provision analogous to N.Y. UCC § 5-114, which requires issuer consent to recognize an assignee of proceeds and sets forth the limited rights of an assignee. Under Revised UCC Article 5, which became effective in New York in 2000, neither an assignee of proceeds consented to by the issuer nor an unrecognized assignee of proceeds is granted standing to sue for wrongful dishonor. Only a transferee beneficiary (which Plaintiff concedes it is not) is granted standing. N.Y. UCC § 5-111. *See MSF Holding Ltd. v. Fiduciary Tr. Co. Int'l*, 435 F. Supp. 2d 285 (S.D.N.Y. 2006), *aff'd on other grounds*, 235 F. App'x 827 (2d Cir. 2007) (the assignee of a letter of credit becomes the only party entitled to the proceeds of the credit and "the original beneficiary maintains all other rights and obligations under the credit, including the duty to present the necessary documentation to the issuer so that payment may be issued to the assignee."). *Id*. at 297 (emphasis added).

Again, UCP 600 is not in conflict. Rather, UCP 600 Article 39 concerning assignment of proceeds simply defers to applicable law (here, N.Y. UCC § 5-114 on assignment and N.Y. UCC § 5-111 on standing). UCP Article 39 provides:

> The fact that a credit is not stated to be transferable shall not affect the right of the beneficiary to assign any proceeds to which it may be or may become entitled under the credit, *in accordance with the provisions of applicable law. This article relates only to the assignment of proceeds and not to the assignment of the right to perform under the credit*.

*Id*. (emphasis added). Accordingly, because Plaintiff is concededly not the beneficiary, successor, or nominated person under the JPMC confirmation, pursuant to NY UCC § 5-111(a), Plaintiff lacks standing to sue JPMC for wrongful dishonor.[2]

---

[2] Plaintiff's alternative argument, that dishonor must occur "before presentment" to state a claim for wrongful dishonor, is plainly wrong. The phrase "before presentment" in the statute obviously modifies the word "repudiates," not the phrase

### E. JPMC Is Not Equitably Estopped From Asserting Its Defenses

Under New York common law, in order for the "extraordinary remedy" of equitable estoppel to bar a statute of limitations defense, a plaintiff bears the burden of showing that: "(1) plaintiffs were induced by fraud, misrepresentations or deception to refrain from filing a timely action; and (2) plaintiffs reasonably relied on defendant's misrepresentations." *MBI Int'l Holdings Inc. v. Barclays Bank PLC*, 57 N.Y.S.3d 119, 126 (1st Dept. 2017) (citing *Zumpano v. Quinn*, 6 N.Y.3d 666, 674 (N.Y. 2006)). The Complaint does not even attempt to meet this burden, but concedes that JPMC told Plaintiff that it could not make the payment because of the Brazilian Injunction. Complaint, ¶¶ 29-32. The Complaint further concedes that "in good faith reliance on [these] representations, Plaintiff allowed Defendant additional time to resolve this dispute and obtain an order from the Brazilian court lifting the Injunction before making payment." *Id.*, ¶ 32. None of the allegations in the Complaint remotely resemble fraud, misrepresentation or deception by JPMC.

Similarly, there is no remotely analogous precedent under New York law for a defendant being equitably estopped from asserting lack of standing. The only authority cited by Plaintiff, *Shondel J. v. Mark D.*, 7 N.Y.3d 320, 330 (2006), had nothing to do with standing. *Shondel* concerned a man who had represented himself as a child's father and was later estopped from denying paternity and made to pay child support. The holding was "exclusively on the best interests of the child." *Id.*

Lastly, from a public policy standpoint, the independence principle would be threatened if courts were willing to compel or enjoin payment under a letter of credit based upon equitable considerations. *See* UCC Revised § 5-109, Official Comment 5 ("courts should not allow the sacred cow of equity to trample the tender vines of

---

"wrongfully dishonors." The statute logically reads "if an issuer **[i]**<u>wrongfully dishonors</u> or **[ii]** <u>repudiates its obligation to pay money under a letter of credit before presentation</u>, the beneficiary, successor, or nominated person presenting on its own behalf may recover from the issuer the amount that is the subject of the dishonor or repudiation." N.Y. UCC § 5-111(a) (numerals [i] and [ii] added for clarification).

letter of credit law.").

### F. The Cause Of Action For A Declaratory Judgment Is Barred And Leave To Amend Should Be Denied

Plaintiff argues that the Court should resolve the issue of JPMC's obligations "and the obligations of all confirming banks" in light of the Brazilian court rulings. Opp. at 24. Not only is this not pled in the Complaint, but the bases for dismissal described above apply with equal force to this claim – a fact that the Opposition does not dispute. Plaintiff's reliance on *ACE v. Bank of the Ozarks*, 2014 WL 4953566 (S.D.N.Y. Sept. 30, 2014), is inapposite. In *Ace*, the District Court, rejecting the issuer's technical compliance and fraud defenses, found that the issuer had wrongfully dishonored three draw requests and issued a declaratory judgment that the issuer had to honor future draw requests submitted under the letter of credit. *Id*. at *20. Those facts are not relevant here.

Lastly, Plaintiff argues that "CB&T can amend its Complaint to state a formal claim for wrongful dishonor under the UCP." Opp. at 25. However, Plaintiff has already pled a claim for wrongful dishonor (regardless of the label Plaintiff applied to the claim and regardless of the claim's deficiencies) and, as a mere assignee of the proceeds of the JPMC confirmation, Plaintiff's claim is barred by its lack of standing and the applicable statute of limitations.

Dated:  January 14, 2021

Respectfully submitted,

MOSES & SINGER LLP

By: /s/ *Mark N. Parry*
    MARK N. PARRY

**and**

PARKER, IBRAHIM & BERG LLP

By: /s/ *Heather E. Stern*
    HEATHER E. STERN
Attorneys for defendant JPMorgan Chase Bank, N.A.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

*Zions Bancorporation, N.A. etc. v. JPMorgan Chase Bank, N.A. etc.*
USDC, Southern District, Case No.: 3:20-cv-2048-AJB-JLB

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **Parker Ibrahim & Berg LLP,** 695 Town Center Drive, 16th Floor, Costa Mesa, CA 92626.

On January 14, 2021, I served the foregoing document(s) described as **REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM** on the interested parties in this action.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on January 14, 2021, at Costa Mesa, California.

*/s/ Rhonda K. Viers*
Rhonda K. Viers

**SERVICE LIST**
*Zions Bancorporation, N.A. etc. v. JPMorgan Chase Bank, N.A. etc.*
USDC, Southern District, Case No.: 3:20-cv-2048-AJB-JLB

| | |
|---|---|
| Jason H. Tokoro<br>Kiva G. Schrager<br>MILLER BARONDESS, LLP<br>1999 Avenue of the Stars, Suite 1000<br>Los Angeles, CA 90067 | *Attorneys for Plaintiff CALIFORNIA BANK & TRUST*<br><br>TEL:   310.552.4400<br>FAX:   310.552.8400<br>EMAIL: jtokoro@millerbarondess.com<br>EMAIL: kschrager@millerbarondess.com |