MOSES & SINGER LLP
MICHAEL EVAN AVIDON #N.Y.S. Reg. No. 1722602
mavidon@mosessinger.com
MARK N. PARRY #N.Y.S. Reg. No. 1862465
mparry@mosessinger.com
ROBERT MCFARLANE #N.Y.S. Reg. No. 5140603
rmcfarlane@mosessinger.com
405 Lexington Avenue, 12th Floor
New York, NY 10174-1299
Telephone: 212-554-7825
Facsimile:  212-554-7700
*Pro Hac Vice*

PARKER IBRAHIM & BERG LLP
JOHN M. SORICH #125223
John.Sorich@piblaw.com
HEATHER E. STERN #217447
Heather.Stern@piblaw.com
MATTHEW HENDERSON #274252
Matthew.Henderson@piblaw.com
695 Town Center Drive, 16th Floor
Costa Mesa, CA 92626
Telephone: 714.361.9550
Facsimile: 714.784.4190

Attorneys for defendant JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIONS BANCORPORATION, N.A. dba CALIFORNIA BANK & TRUST, a National Association,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., a Delaware corporation,<br><br>Defendant. | CASE NO.: 3:20-cv-2048-AJB-JLB<br><br>JUDGE: Hon. Anthony J. Battaglia<br><br>**ANSWER** |

1  Defendant JPMorgan Chase Bank, N.A. ("JPMC" or "Defendant"), by its
2  attorneys, Moses & Singer LLP and Parker Ibrahim & Berg LLP, for its answer to the
3  complaint, dated September 18, 2020 (the "Complaint") of plaintiff, Zions
4  Bancorporation N.A. d/b/a California Bank and Trust ("CBT" or "Plaintiff"), states as
5  follows:

6  1.  Denies the allegations in Paragraph 1 of the Complaint except admits that
7  Plaintiff brings this action for breach of contract.

8  2.  Admits that this dispute arises from the international business dealings of
9  FirmGreen; denies knowledge or information sufficient to form a belief as to whether
10  FirmGreen is an alternative energy company and client of CBT.

11  3.  Denies knowledge or information sufficient to form a belief as to the
12  truth of the allegations in Paragraph 3 of the Complaint.

13  4.  Denies knowledge or information sufficient to form a belief as to the
14  truth of the allegations in Paragraph 4 of the Complaint, except admits that JPMC
15  agreed to serve as confirming bank of the letter of credit described in the complaint
16  (the "LC"), and refers the Court to the LC and LC Confirmation for the contents
17  thereof.

18  5.  Denies knowledge or information sufficient to form a belief as to the
19  truth of the allegations in Paragraph 5 of the Complaint.

20  6.  Denies knowledge or information sufficient to form a belief as to the
21  truth of the allegations in Paragraph 6 of the Complaint, except admits that JPMC
22  received certain documents from the Plaintiff on behalf of FirmGreen.

23  7.  Denies the allegations in the first sentence of Paragraph 7 of the
24  Complaint except admits that JPMC found the documents to be "in order" and refers
25  the Court to the relevant SWIFT message(s) for the contents thereof. Denies
26  knowledge or information sufficient to form a belief as to the truth of the allegations
27  in the second sentence of Paragraph 7 of the Complaint.

28  8.  Denies the allegations in Paragraph 8 of the Complaint.

9. Denies the allegations in Paragraph 9 of the Complaint.

10. Denies the allegations in Paragraph 10 of the Complaint except admits that JPMC is excused from paying Plaintiff under the LC or the LC Confirmation.

11. Denies the allegations in Paragraph 11 of the Complaint except admits that Plaintiff brought the instant action.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

13. Denies that JPMC, a national banking association, is a Delaware corporation; denies that JPMC is headquartered in New York, New York; denies that JPMC is "licensed" to do business in California; admits that JPMC is qualified to transact business in California and admits that JPMC conducts business in California and San Diego County.

14. Admits that the Court has subject matter jurisdiction but denies that the Court has personal jurisdiction over Defendant.

15. Denies that venue is proper in this Court.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, except admits that the subject LC was issued in or about April 1, 2016 and directs the Court to the LC for the contents thereof.

20. Denies the allegations in Paragraph 20 of the Complaint except admits that JPMC was confirming bank under the LC and directs the Court to the LC Confirmation for the contents thereof.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and directs the Court to the Discount Agreement for the contents thereof.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint except admits that Plaintiff presented documents to JPMC on behalf of FirmGreen and JPMC found the documents to be "in order."

23. Denies the allegations in Paragraph 23 of the Complaint except admits that JPMC advised Plaintiff that payment will be made on the maturity date.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

25. Denies the allegations in Paragraph 25 of the Complaint.

26. Admits the allegations in Paragraph 26 of the Complaint.

27. Denies the allegations in Paragraph 27 of the Complaint and refers the Court to the Amendment to the Discount Agreement for the contents thereof.

28. Denies the allegations in Paragraph 28 of the Complaint, except admits that Plaintiff presented drawing documents and that Defendant did not make payment on March 13, 2017.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint; denies that JPMC was or is in default of its obligations as the confirming bank.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 33 of the Complaint.

34. Admits the allegations in Paragraph 34 of the Complaint.

35. Denies the allegations in Paragraph 35 of the Complaint and refers the Court to the cited decisions for the contents thereof.

36. Denies the allegations in Paragraph 36 of the Complaint and refers the Court to the cited decisions for the contents thereof.

## FIRST CAUSE OF ACTION (Breach of Contract)

37. Incorporates all of the foregoing and subsequent paragraphs of this Answer as if alleged herein.

38. Denies the allegations in Paragraph 38 of the Complaint except admits that JPMC issued the LC Confirmation and refers the Court to the LC Confirmation for the contents thereof.

39. Admits that the LC required payment (subject to any applicable law(s) or order(s)) and refers the Court to the LC Confirmation for the contents thereof.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first stanza of Paragraph 40 of the Complaint and directs the Court to the Discount Agreement for a statement of its contents; denies that Plaintiff "becam[e] the successor to FirmGreen as beneficiary of the LC."

41. Admits the allegations in the first three sentences of Paragraph 41 of the Complaint, but denies the allegations in the fourth sentence of Paragraph 41 of the Complaint.

42. Denies that the date "for payment" on the LC was December 12, 2016 and thereafter extended by amendment and refers the Court to the LC and related documents for the contents thereof.

43. Denies the allegations in Paragraph 43 of the Complaint.

44. Denies the allegations in Paragraph 44 of the Complaint.

45. Denies the allegations in Paragraph 45 of the Complaint.

# PRAYER FOR RELIEF[1]

Denies that Plaintiff is entitled to judgment against Defendant or the damages sought in the Prayer for Relief.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the one-year statute of limitations set forth in U.C.C. Article 5 as enacted in New York (N.Y. U.C.C. § 5-116), California (Cal. Com. Code § 5-115) and/or Florida (Fla. Stat. Ann. § 675.115).

### SECOND AFFIRMATIVE DEFENSE

Plaintiff does not have standing.

### THIRD AFFIRMATIVE DEFENSE

JPMC is not subject to personal jurisdiction.

### FOURTH AFFIRMATIVE DEFENSE

JPMC is excused from honoring the draw request by the Brazilian Court's injunction and related orders.

### FIFTH AFFIRMATIVE DEFENSE

JPMC is excused from honoring the draw request by FirmGreen's fraud.

### SIXTH AFFIRMATIVE DEFENSE

JPMC acted at all times in good faith and/or honesty in fact.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim must be reduced by the amount of any partial payments to Plaintiff and/or FirmGreen.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, due to Plaintiff's and/or FirmGreen's failure to mitigate damages.

---

[1] As the second cause of action in the Complaint was dismissed (*see* Order Dated August 3, 2021 at ECF No. 23, p. 17), JPMC need not interpose responses with respect to the allegations in Paragraphs 46-50 of the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred by the doctrines of laches, waiver, and unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff and/or FirmGreen breached its warranties to JPMC.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for costs, attorneys' fees and expenses is barred under applicable law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

New York law is applicable to Plaintiff's claim.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Venue in the Southern District of California is improper.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred as there was no valid assignment of the LC.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not the beneficiary, transferee beneficiary, or successor of the beneficiary, so it takes subject to any defenses JPMC can assert against a drawing by FirmGreen.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim fails for lack of consideration.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to perform under the applicable contract.

**NINETEENTH AFFIRMATIVE DEFENSE**

JPMC's performance under the contract was excused by the non-occurrence of a condition precedent.

**TWENTIETH AFFIRMATIVE DEFENSE**

The applicable contract is not enforceable as there was no meeting of the minds.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to join an indispensable party, to wit, FirmGreen.

**WHEREFORE**, Defendant demands judgment dismissing the Complaint in its entirety, awarding Defendant its costs and expenses, including attorneys' fees, incurred in defending this action, and granting such other and further relief as is just and proper.

Dated:  September 1, 2021                    Respectfully submitted,

MOSES & SINGER LLP

By: */s/ Mark N. Parry*
     MICHAEL EVAN AVIDON
     MARK N. PARRY
     ROBERT MCFARLANE

**and**

PARKER, IBRAHIM & BERG LLP

By: */s/ Heather E. Stern*
     JOHN M. SORICH
     HEATHER E. STERN
     MATTHEW HENDERSON

Attorneys for defendant JPMorgan Chase Bank, N.A.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

*Zions Bancorporation, N.A. etc. v. JPMorgan Chase Bank, N.A. etc.*
USDC, Southern District, Case No.: 3:20-cv-2048-AJB-JLB

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **Parker Ibrahim & Berg LLP,** 695 Town Center Drive, 16th Floor, Costa Mesa, CA 92626.

On September 1, 2021, I served the foregoing document(s) described as **ANSWER** on the interested parties in this action.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on September 1, 2021, at Riverside, California.

*/s/ Marian Flores*
Marian Flores

**SERVICE LIST**
*Zions Bancorporation, N.A. etc. v. JPMorgan Chase Bank, N.A. etc.*
USDC, Southern District, Case No.: 3:20-cv-2048-AJB-JLB

| | |
|---|---|
| Jason H. Tokoro<br>Kiva G. Schrager<br>MILLER BARONDESS, LLP<br>1999 Avenue of the Stars, Suite 1000<br>Los Angeles, CA 90067 | *Attorneys for Plaintiff CALIFORNIA BANK & TRUST*<br><br>TEL:    310.552.4400<br>FAX:    310.552.8400<br>EMAIL: jtokoro@millerbarondess.com<br>EMAIL: kschrager@millerbarondess.com |