UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIONS BANCORPORATION, N.A.,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>　　　　　　　　　　　Defendant. | Case No.: 3:20-cv-2048-H-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION FOR CONTINUANCE OF DATES IN SCHEDULING ORDER; and**<br><br>**(2) DENYING AS MOOT REQUEST TO EXTEND DEADLINE TO RAISE DISCOVERY DISPUTE WITH THE COURT**<br><br>**[ECF No. 68]** |

　　　　Before the Court is the parties' Joint Motion for Further Extension of Deadlines Set Forth in Scheduling Order and Extension of the 45-Day Deadline to Report Discovery Disputes. ECF No. 68. The parties seek to extend the dates in the case schedule, as set forth in the amended Scheduling Order (ECF No. 67), by approximately four months each. Additionally, the parties request an extension of the 45-day deadline to bring discovery disputes to the attention of the Court with respect to Defendant's written responses to

Plaintiff's discovery requests, which responses were served on August 5, 2022. ECF No. 68 at 12.

## I. Motion to Amend Scheduling Order

Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory committee's notes to 1983 amendment. Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transportation Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Notably, one of the deadlines that the parties wish to extend is the September 6, 2022 deadline to designate experts, which passed prior to the filing of the instant motion. *See* ECF No. 68 at 7, 11-12. Requests for extensions of time made after the applicable deadline has passed are analyzed under a different standard. In addition to considering whether the movant has established good cause for such an extension, the Court may extend a deadline that has already passed "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and

"(4) whether the movant acted in good faith." *Ahanchian*, 624 F.3d at 1261 (citations omitted).

On July 5, 2022, the Court granted a previous joint motion by the parties to extend the deadlines in the case schedule by approximately three months each. ECF No. 67. Here, the parties give many of the same reasons provided in support of that previous request. Namely, the parties state that Plaintiff requires more time to review and produce responsive documents and to prepare a privilege log in response to Defendant's First Requests for Production of Documents and Things, served on November 3, 2021, due in part to Plaintiff's counsel's recent bout with COVID-19. *See* ECF No. 65 at 9, ECF No. 68 at 8-9. Additionally, as before, Defendant states that it needs more time to respond to some of Plaintiff's discovery requests because many of the responsive documents pertain to the separate Brazilian arbitration and litigation and are in Portuguese, and may not have an English translation, requiring additional review. Defendant also reiterates the reason it previously gave that it needs more time to determine whether certain internal communications related to the Brazilian litigation that are sought by Plaintiff in this case are privileged in whole or in part, and defense counsel anticipates that the privilege review and redaction process may take several months. *See* ECF No. 65 at 9-10; ECF No. 68 at 9-10. Finally, the parties indicate that they still have not taken any of the at least 15 party and third-party depositions that they need to take to prepare their respective motions for summary judgment, which was a reason given for the requested three-month extension in the previous joint motion as well. ECF No. 65 at 10; ECF No. 68 at 10.

Although the Court is not pleased to see so many indicia that the parties have made little to no progress on written discovery or depositions since their last extension request was granted, the parties do include updated information in the motion before the Court related to the international discovery process in Brazil. For example, the parties explain that Defendant's Letters of Request seeking documents from Gas Verde and Banco Bradesco were recently granted by the Brazilian Superior Court of Justice on August 19, 2022, and that enforcement of the letters of request will occur before the federal

courts of Sao Paulo and Rio de Janeiro, who are responsible for instructing those entities to produce records. ECF No. 68 at 11. Additionally, the parties explain that the parties unexpectedly encountered a snag with a scheduled deposition of a Gas Verde witness when they learned that a virtual deposition would potentially violate Brazilian law, which requires that depositions by oral testimony for use in foreign litigation be conducted by a Brazilian judge. *Id*. The parties have thus agreed to pursue an alternative process for obtaining oral testimony of Gas Verde, but that process will be time-intensive and will require approval by this Court of additional letters of request. *Id.* at 11.

Having thoroughly considered the parties' motion, and despite its misgivings, the Court finds that the parties have established good cause to extend the case schedule in light of the complexity of the international discovery process. However, the Court does not look favorably on the parties' failure to make any substantial progress towards completing other discovery in the case since the last extension was granted. Therefore, **the parties are cautioned that the Court is unlikely to grant any further extensions of the case schedule**. The Court will only consider further extension requests if the parties make a much stronger showing of diligence to meet the existing deadlines and far more substantial progress in completing the discovery they need, and even under such circumstances, the Court is disinclined to allow the parties more time than the 499 days of discovery they have been allotted between the October 13, 2021 Case Management Conference and the new fact and expert discovery cutoff of February 24, 2023.

With respect to the request to extend the expert designation deadline, which passed 9 days before the parties filed the joint motion to extend it, the Court notes that this is the second time the parties have requested an extension of this deadline after it already passed. The Court does not look favorably on that repeated error either. Nonetheless, the Court finds that this repeated error is the result of carelessness rather than bad faith. Therefore, the Court once more finds that the four-factor test weighs in favor of finding that the parties' failure to request an extension before the deadline passed was the result of excusable neglect. As before, both parties have agreed and move to extend the deadline,

making the first factor of "prejudice to the opposing party" null. As for the length of the delay, the Court agrees that in light of the extension of all subsequent deadlines in the case schedule, there will be no negative impact on the proceedings by granting an extension of the expert designation deadline. Addressing the third and fourth factors, which concern the reason for the delay and whether the movant acted in good faith, the parties explain that they "have been working diligently over the last few months to produce documents and have made good progress in doing so" but despite their good-faith efforts, "significant discovery has yet to be completed, including the international discovery" sought by Defendant. ECF No. 68 at 11-12.

Notably, the parties appear to misconstrue the meaning of the third factor, i.e., the "reason for the delay," as referring to the reason underlying the need for the requested continuance rather than the reason why counsel failed to timely make the request. *See, e.g.*, *Pioneer*, 507 U.S. at 385-89 (explaining that a finding of "excusable neglect" encompasses acts of carelessness by counsel, and thus, when considering whether the third factor weighs in favor of a finding of excusable neglect, it is not necessary that the "reason for the delay" be a reason outside of the movant's control). However, as stated, the Court finds that the reason for the delay here is counsel's carelessness, and as the Supreme Court explained in *Pioneer*, out-of-time filings delayed by "excusable neglect" most commonly include "omissions caused by carelessness" and, accordingly, the Court will not deny the parties' request to extend the expert designation deadline merely because counsel acted carelessly in lodging the request after the deadline passed. *See* 507 U.S. at 388. Because the other factors weigh in favor of granting the extension of the expert designation deadline, the Court finds good cause to grant the request to extend the case schedule in full.

Thus, upon due consideration of the parties' Joint Motion, the Court finds good cause to **GRANT** the request to continue the dates and deadlines in the case schedule. The Scheduling Order is hereby **AMENDED** as follows:

1. The parties must designate their respective experts in writing by **September 6, 2022**. The parties must identify any person who may be used at trial to

present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The date for exchange of rebuttal experts must be by **October 11, 2022**. Written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list must also include the normal rates the expert charges for deposition and trial testimony.

2. By **January 6, 2023**, each party must comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. Except as provided in the paragraph below, any party that fails to make these disclosures will not be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial, absent substantial justification. Additionally, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c).

3. Any party must supplement its disclosure regarding contradictory or rebuttal evidence under Federal Rule of Civil Procedure 26(a)(2)(D) by **February 10, 2023**.

4. All parties must complete all **fact and expert** discovery by **February 24, 2023**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail

chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

5. Failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including prohibition on the introduction of experts or other designated matters in evidence.

6. All other pretrial motions must be filed by **March 9, 2023**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed by the Court.

7. A Mandatory Settlement Conference shall be conducted on **April 26, 2023**[1] at **9:30 a.m.** in the chambers of **Magistrate Judge Allison H. Goddard**. Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **April 5, 2023**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the

---

[1] The parties requested that the MSC be rescheduled to April 7, 2023, a date that is not available on the Court's calendar. The Court has thus continued the MSC to a date that better suits the Court's availability and the remainder of the case schedule.

parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court. Counsel for the parties must meet and confer in person or by phone no later than **April 12, 2023**.

Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **April 19, 2023**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf). Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **April 19, 2023**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules. **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.**

8. Counsel must file their memoranda of contentions of fact and law and take any other action required by Civil Local Rule 16.1(f)(2) by **May 17, 2023**.

9. Counsel must comply with the pretrial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) by **May 17, 2023**. Failure to comply with these disclosure requirements may result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

10. Counsel must meet and take the action required by Civil Local Rule 16.1(f)(4) by **May 24, 2023**. At this meeting, counsel must discuss and attempt to enter into stipulations and agreements simplifying the triable issues. Counsel must exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits must be prepared in accordance with Civil Local Rule 16.1(f)(4)(c). Counsel must note any

objections they have to any other parties' pretrial disclosures under Federal Rule of Civil Procedure 26(a)(3).  Counsel must cooperate in the preparation of the proposed pretrial conference order.

11. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **May 31, 2023**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with plaintiff's counsel concerning any objections to form or content of the pretrial order.  Both parties must promptly attempt to resolve their differences, if any, concerning the order.

12. The proposed final pretrial conference order, including objections to any other parties' Federal Rule of Civil Procedure 26(a)(3) pretrial disclosures must be prepared, served, and lodged with the assigned district judge by **June 7, 2023** in the form prescribed in and in compliance with Civil Local Rule 16.1(f)(6).

13. The final pretrial conference is scheduled on the calendar of the Honorable Marilyn L. Huff on **June 12, 2023** at **10:30 a.m.**

14. Pursuant to Civil Local Rule 7.1(h), briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district court judge.  Reply memorandum must not exceed ten (10) pages without leave of a district court judge.  Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

## II. Motion to Extend Deadline to Bring Discovery Dispute to the Court

In addition to requesting a continuance of the deadlines in the case schedule, the parties further request an extension of the deadline for raising discovery disputes with the Court. ECF No. 68 at 12-13. Pursuant to the Court's Scheduling Order and the undersigned's Chambers Rules, if the parties reach an impasse on any discovery issue, the movant must email chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute.

Here, Defendant served its written responses to Plaintiff's discovery requests on

August 5, 2022, and counsel have been meeting and conferring regarding certain of the responses since August 24, 2022. ECF No. 68 at 12. Plaintiff asks that its deadline to bring the dispute to the Court's attention be extended by 30 days to allow the parties more time to resolve their disputes regarding Defendant's responses informally. *Id*.

The Court considers the deadline to bring to the Court's attention any disputes related to Defendant's August 5, 2022 responses to Plaintiff's written discovery requests to be tolled by virtue of the parties having raised the issue in the Joint Motion before the Court, despite their desire to continue to meet and confer before requesting Court intervention. Accordingly, the request to extend the deadline is **DENIED as moot**. Nonetheless, to avoid an indefinite extension of the parties' time to request Court intervention in the existing disputes, the Court sets a deadline of **November 1, 2022** to follow the undersigned's procedures for requesting a discovery conference with the Court to intervene in any such discovery disputes related to Defendant's August 5, 2022 discovery responses.

**IT IS SO ORDERED.**

Dated: September 21, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge